UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.
MARIA ROSA,

                        Plaintiff,   **COMPLAINT**

              -against-

NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS   **PLAINTIFF DEMANDS**
BENEFIT FUNDS, CHARLES SAUNDERS, *Individually*,   **A TRIAL BY JURY**
JENNIFER GORDON, *Individually*, and
VALERIE BURETT, *Individually*,

                        Defendants.
------------------------------------------------------------------X

       Plaintiff, MARIA ROSA, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the New York City Human Rights Law, New York City Administrative Code §8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Discriminated Against** on the basis of her **Gender (Female)** and then **Retaliated Against** and **Terminated** by her employer solely for complaining of discrimination.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

law pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b), as the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated May 18, 2015, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff MARIA ROSA ("ROSA") was a resident of the State of New York and the County of Bronx.

9. That at all times relevant hereto, Defendant NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS BENEFIT FUNDS ("NYCDCC BENEFIT FUNDS") was an unincorporated association with its principal place of business located at 395 Hudson Street 9th Floor, New York, NY 10014.

10. That at all times relevant hereto, Defendant NYCDCC BENEFIT FUNDS administers and provides comprehensive benefits to over 25,000 working and retired carpenters and their families.

11. That at all times relevant hereto, Plaintiff ROSA was an employee of Defendant NYCDCC BENEFIT FUNDS.

12. That at all times relevant hereto, Defendant CHARLES SAUNDERS ("SAUNDERS")

2

was an employee of Defendant NYCDCC BENEFIT FUNDS, first holding the position of "Call Center/Member Services Manager" and thereafter holding the positon of "Call Center/Member Services Assistant Manager."

13. That at all times relevant hereto, Defendant SAUNDERS was Plaintiff ROSA's supervisor and had supervisory authority over Plaintiff ROSA.

14. That at all times relevant hereto, Defendant JENNIFER GORDON ("GORDON") was an employee of Defendant NYCDCC BENEFIT FUNDS, holding the position of "Project Manager."

15. That at all times relevant hereto, Defendant GORDON was Plaintiff ROSA's supervisor and had supervisory authority over Plaintiff ROSA.

16. That at all times relevant hereto, Defendant VALERIE BURETT ("BURETT") was an employee of Defendant NYCDCC BENEFIT FUNDS, holding the position of "Human Resources Representative."

17. That at all times relevant hereto, Defendant BURETT was Plaintiff ROSA's supervisor and had supervisory authority over Plaintiff ROSA.

18. That at all times relevant hereto, Defendant NYCDCC BENEFIT FUNDS, Defendant SAUNDERS, Defendant GORDON, and Defendant BURETT are collectively referred to herein as "Defendants."

## MATERIAL FACTS

19. On or about January 27, 2014, The Metropolitan Companies, Inc. ("Metropolitan") hired Plaintiff ROSA and placed Plaintiff ROSA at Defendants' offices as a "Member Service Representative."

20. Thus, on or about January 27, 2014, Plaintiff ROSA began working for Defendants as a

3

"Member Service Representative," earning approximately $12.00 per hour.

21. While Defendants supervised and controlled the terms and conditions of Plaintiff ROSA's employment, Metropolitan paid Plaintiff ROSA her wages.

22. However, almost immediately after beginning her employment, Plaintiff ROSA's supervisor, Defendant SAUNDERS, **began to consistently and continuously subject Plaintiff ROSA to harassment and discrimination solely due to Plaintiff ROSA's gender (female)**, creating an extremely hostile and intimidating work environment.

23. By way of example, on or about February 3, 2014, in Plaintiff ROSA's presence, Defendant SAUNDERS said, **"I like women with big asses... like Kim Kardashian,"** as he pointed to a pin up poster of Kim Kardashian.

24. Then, in or about March 2014, Defendant SAUNDERS told Plaintiff ROSA, **"It's starting to smell like a strip club in here."**

25. Fortunately, also in or about March 2014, Defendants demoted Defendant SAUNDERS from "Manager" to "Assistant Manager" and promoted Jillian Padula to the position of "Manager."

26. At all times relevant hereto, Plaintiff ROSA was an exemplary employee and always received compliments for her work performance.

27. In fact, on or about April 16, 2014, a client named Gregory Roberts sent a letter to Defendants stating, "I want to thank the District Council of Carpenters in advance for all their efforts to help me in my situation, **especially Maria who has provided outstanding customer service**." (emphasis added).

28. On or about May 16, 2014, Defendant GORDON sent an email to all "Member Service Representatives," stating, "Yesterday I received a message from the wife of a retiree who

4

was experiencing issues with her premium payments. She said the story was too complicated to go into in detail, but took the time to call because she was so **impressed with how Maria ... handled the situation**. She was incredibly appreciative of their help and patience in resolving her issue. She ended her message by saying I should be proud to have such an incredible team ... that is an understatement." (emphasis added).

29. On or about May 20, 2014, another client named Jason Baldassare sent a letter to Defendants in which he stated, **"[Maria Rosa] is an asset to the NYCDCC and it is very hard to acquire employees of this caliber**. It was very refreshing to witness someone do what they say and stand by it. Ms. Maria Rosa is someone to hold on to as once again she is a **true asset for the department and its members**." (emphasis added).

30. On or about June 11, 2014, in order to lift the moods of all of her coworkers and supervisors, Plaintiff ROSA prepared a PowerPoint presentation entitled "Why We Love Working Here!"

31. After seeing the PowerPoint presentation, also on or about June 11, 2014, Jillian Padula, Defendants' Call Center/Member Services Manager, sent an email to Plaintiff ROSA in which she stated, "You truly touched my heart Maria!!!! You are so kind and thoughtful! I am truly lucky to have you apart of the team! THANK YOU for being amazing!"

32. On or about June 12, 2014, Defendant BURETT told Plaintiff ROSA that Defendants wanted to hire Plaintiff ROSA as a full-time employee and pay her directly, rather than continuing to have Metropolitan pay Plaintiff ROSA her wages, after she provided Defendants with three (3) references.

33. Feeling very good and confident about her performance as well as the offer, **on or about June 12, 2014, Plaintiff ROSA finally decided to complain to Jillian Padula,**

5

**Defendants' Call Center/Member Services Manager, about Defendant SAUNDERS' discriminatory and inappropriate comments about women.** While Plaintiff ROSA was hoping that this complaint would finally put an end to the discrimination, she was also hoping that Defendants would not actively retaliate against her. However, this is exactly what occurred.

34. At approximately 6:00pm that very same day, Jillian Padula informed Defendant SAUNDERS of Plaintiff ROSA's complaint.

35. Rather strangely, while Defendant SAUNDERS never said anything to Plaintiff ROSA before she complained, on or about June 12, 2014, only hours after Plaintiff ROSA complained to Jillian Padula about Defendant SAUNDERS' sexual harassment, Defendant SAUNDERS suspiciously decided to send out an email addressing the "unprofessional environment" in the Call Center.

36. The following day, on or about June 13, 2014, Plaintiff ROSA sent Defendant BURETT her three (3) references as requested.

37. However, on or about June 17, 2014, only five (5) days after complaining about Defendant SAUNDERS' discriminatory comments, Defendant GORDON said to everyone, **"You need to stop acting like 5th graders. People are spreading rumors and we are going to put a freeze on hiring until we figure out who is best suitable to work here. I'm tired of it so stop it!"**

38. On or about June 24, 2014, only twelve (12) days after Plaintiff ROSA complained, Defendant BURETT and Jillian Padula told Plaintiff ROSA, **"we were going to hire you but due to the incident that took place, which I'm sure you are aware of, we are going to postpone that for thirty (30) days."** It was absolutely clear to Plaintiff ROSA

6

that the "incident" about which Defendant BURETT was referring was Plaintiff ROSA's complaint of discrimination.

39. On or about June 24, 2014, Defendant BURETT also strangely accused Plaintiff ROSA of insubordination because "you went on break when there five (5) calls in the queue." This was extremely suspicious to Plaintiff ROSA and it seemed that Defendants were beginning their campaign of retaliation against Plaintiff ROSA for complaining of discrimination, as Plaintiff ROSA acted no differently than she acted before and Defendants never had any issues with her performance until Plaintiff ROSA complained. In fact, Plaintiff ROSA always received Defendant SAUNDERS' permission before leaving for lunch and he never once told her she couldn't go due to "calls in the queue."

40. Shocked and humiliated by this blatantly false allegation, **Plaintiff ROSA immediately responded to Defendant BURETT that she felt this accusation was being made solely in retaliation for her June 12, 2014 complaint of discrimination**.

41. On or about July 18, 2014 at approximately 7:49pm, without any warning, Linda Shustak from Metropolitan called Plaintiff ROSA and suddenly terminated her employment, telling her, **"you will no longer be needed at the NYC District of Carpenters. They no longer need your services."**

42. This purported reason for termination was clearly **pretextual** and solely in retaliation for her complaint of discrimination, as there were three (3) other "Member Service Representatives" that were hired after Plaintiff ROSA, including but not limited to, Melesha Davis, Reina Moran, and Tania Dance, and none were terminated due to "not needing their services." Not surprisingly, none of the aforementioned employees ever complained about discrimination.

7

43. **Based upon the aforementioned suspicious actions, it is clear that on or about July 18, 2014, Defendants terminated the employment of Plaintiff ROSA solely in retaliation for complaining of gender-based discrimination.**

44. Also suspect is the fact that the first time anyone criticized Plaintiff ROSA's behavior was after she complained about Defendant SAUNDERS' sexual harassment. At no time before Plaintiff ROSA made her complaint to Jillian Padula did anyone inform Plaintiff ROSA that there were any issues with her behavior nor did anyone ever discipline or reprimand Plaintiff ROSA for any other reason.

45. Plaintiff ROSA was physically repulsed and disgusted by this blatantly unlawful and retaliatory termination.

46. Unfortunately, upon information and belief, no appropriate or reasonable action was ever taken regarding Defendants' blatant discrimination of Plaintiff ROSA.

47. Plaintiff ROSA feels offended, disturbed, and humiliated by the blatantly unlawful and retaliatory termination.

48. Plaintiff ROSA was retaliated against due to her objections to Defendants' discriminatory and unlawful conduct.

49. The above are just some of the acts of harassment, discrimination and retaliation that Plaintiff ROSA experienced on a regular and continual basis while employed by Defendants.

50. Defendants treated Plaintiff ROSA differently solely due to her gender (female).

51. But for the fact that Plaintiff ROSA is female and complained about Defendants' discrimination, Defendants would not have treated her differently and would not have terminated her employment.

52. Defendants' actions were unsolicited, unwelcome and offensive.

53. Defendants' actions and conduct were intentional and intended to harm Plaintiff ROSA.

54. Plaintiff ROSA has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, and loss of income.

55. Plaintiff ROSA's performance was, upon information and belief, above average during the course of her employment with Defendants.

56. As a result of Defendants' actions, Plaintiff ROSA feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

57. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff ROSA, Plaintiff ROSA has suffered severe emotional distress and physical ailments.

58. As a result of the acts and conduct complained of herein, Plaintiff ROSA has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff ROSA has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

59. As a result of the above, Plaintiff ROSA has been damaged in an amount which exceeds the jurisdiction limits of the Court.

60. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff ROSA demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

63. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of her gender (female).

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

66. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges

10

of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (female).

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

72. Individual Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. The New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon

>
> the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
>
> 1. the employee or agent exercised managerial or supervisory responsibility; or
>
> 2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
>
> 3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
>
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

78. Defendants violated the section cited herein as set forth.

## JURY DEMAND

79. Plaintiff requests a jury trial on all issues to be tried.

13

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, and the New York City Administrative Code §8-107 *et. seq.*, in that Defendants discriminated against Plaintiff on the basis of her gender and retaliated against Plaintiff for complaining of discrimination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
June 22, 2015

                                              PHILLIPS & ASSOCIATES,
                                              ATTORNEYS AT LAW, PLLC

By: _____
Alex Umansky (AU7961)
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
aumansky@tpglaws.com

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Maria Rosa<br>2746 Cruger Avenue<br>2nd Floor<br>Bronx, NY 10467 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-00639 | Esther Gutierrez,<br>Investigator | (212) 336-3756 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin Berry_ (signature)     5/18/2015
Kevin J. Berry,     (Date Mailed)
District Director

Enclosures(s)

cc:     Attn<br>Director of Human Resources<br>NYC DISTRICT COUNCIL OF CARPENTERS BENEFIT FUND<br>395 Hudson Street<br>9th Floor<br>New York, NY 10014

Jeffrey T. Rosenberg, Esq.<br>PHILLIPS AND ASSOCIATES, PLLC<br>45 Broadway, Suite 620<br>New York, NY 10006